# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAREN L. ZAVIAN

## DEFENDANTS
PRIDE FINANCIAL, LLC, and
FEIN, SUCH, KAHN & SHEPARD, P.C.

**(b)** County of Residence of First Listed Plaintiff: HUDSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ESSEX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Philip D. Stern Attorney at Law LLC
2816 Morris Avenue, Suite 30, Union, NJ 07083-4870
(973) 379-7500 pstern@philipstern.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C.§ 1692 et seq.
Brief description of cause:
Debt collection abuse.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 501,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 03/16/2015
SIGNATURE OF ATTORNEY OF RECORD: s/Philip D. Stern

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

PHILIP D. STERN ATTORNEY AT LAW LLC
2816 Morris Avenue, Suite 30
Union, NJ 07083-4870
(973) 379-7500
*On behalf of* Plaintiff, Karen L. Zavian

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREN L. ZAVIAN,<br>Plaintiff,<br><br>vs.<br><br>PRIDE FINANCIAL, LLC, and<br>FEIN, SUCH, KAHN & SHEPARD, P.C.,<br>Defendants. | **CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Karen L. Zavian ("ZAVIAN"), individually and as the class representative, by way of Complaint against Defendants, Pride Financial, LLC ("PRIDE") and Fein, Such, Kahn & Shepard, P.C. ("FEIN SUCH"), says:

### I. NATURE OF THE ACTION

1. This action stems from the Defendants' conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

### II. PARTIES

2. ZAVIAN is a natural person.

3. At all times relevant to the factual allegations of this Complaint, ZAVIAN was a citizen of the State of New Jersey, residing in Hudson County, New Jersey.

4. At all times relevant to the factual allegations of this Complaint, PRIDE was a for-profit limited liability company formed under the laws of the State of New Jersey.

5. According to information obtained from the State of New Jersey's Business Entity Information and Records Service on March 16,

2015, PRIDE's main business address is 333 Eisenhower Parkway, Livingston, NJ 07039, a location within Essex County, New Jersey.

6. At all times relevant to the factual allegations of this Complaint, FEIN SUCH was for-profit professional corporation formed under the laws of the State of New Jersey.

7. FEIN SUCH's principle place of business is at 7 Century Drive, Suite 201, Parsippany, NJ 07054, a location within Morris County, New Jersey.

### III. JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to ZAVIAN's claims occurred within this federal judicial district, and because all Defendants regularly transact business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

10. The legal basis for the claims arising from the factual allegations are set forth in the attached Schedule "A".

### V. FACTS

11. PRIDE is regularly engaged in the collection of debts.

12. PRIDE's principal purpose is the collection of debts and, pursuant to that purpose, regularly acquires the creditor's rights in defaulted debts.

13. In attempting to collect debts, PRIDE, either directly or through its authorized agents and independent contractors, uses the mails, telephone, the internet and other instruments of interstate commerce.

14. FEIN SUCH is regularly engaged in the collection of debts on behalf of others.

15. FEIN SUCH's principal purpose is the collection of debts.

16. FEIN SUCH employs attorneys licensed to practice law in the

State of New Jersey and, in its attempt to collect debts, uses the mail and commences litigation against natural persons alleged to be in default of a financial obligation.

**17.** FEIN SUCH has acted on behalf of PRIDE as PRIDE's authorized agent and attorney in the attempt to collect defaulted debts allegedly acquired by and owed to PRIDE.

**18.** FEIN SUCH assigned a unique "file number" to each debt it attempted to collect for PRIDE.

**19.** In its attempt to collect debts alleged to be owed to PRIDE, FEIN SUCH mailed letters to the natural persons alleged to be obligated to pay the debts.

**20.** In its attempt to collect debts alleged to be owed to PRIDE, FEIN SUCH commenced litigation against natural persons alleged to be obligated to pay those debts.

**21.** Since January 1, 2015, PRIDE, through FEIN SUCH, commenced litigation against at least 200 natural persons. On information and belief, FEIN SUCH used an envelope one or more times to communicate with those persons.

**22.** On January 22, 2015, PRIDE, through FEIN SUCH, commenced a civil action ("State Court Action") by filing a complaint ("Collection Complaint") in the Superior Court of New Jersey entitled *PRIDE FINANCIAL, LLC as current assignee of HSBC Ameritech v. Karen L Zavian* and identified in that court by Docket No. HUD-DC-000815-15.

**23.** The Collection Complaint alleged that ZAVIAN was in default on a certain account ("Debt") with "HSBC Ameritech."

**24.** ZAVIAN had such an account.

**25.** Although ZAVIAN, acting *pro se* in the State Court Action, denies any liability on the Debt, she used the account exclusively in transactions that had a personal, household or family purpose and not in any transaction having a business purpose.

**26.** FEIN SUCH assigned a file number to the Debt ending in 446.

**27.** FEIN SUCH, as attorney and agent for PRIDE and in its attempt to collect the Debt for PRIDE, mailed letters to ZAVIAN in envelopes on

which it affixed a label which included ZAVIAN's name, mailing address, **and the file number in 446**.

**28.** A true but partially redacted copy of one envelope used in an attempt to collect the Debt is annexed to this Complaint as Exhibit "1".

### VI. POLICIES AND PRACTICES COMPLAINED OF

**29.** In connection with their attempt to collect alleged consumer debts, it is the Defendants' policy and practice to send written collection communications to consumers in envelopes in substantially the same form as Exhibit "1" which, by disclosing the file number associated with the debt, constituted an unfair and unconscionable means to collect or attempt to collect a debt in violation of the FDCPA.

**30.** Such policy and practice is in violation of 15 U.S.C. § 1692f(8). See, *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

### VII. CLASS ALLEGATIONS

**31.** ZAVIAN brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

**32.** Subject to discovery and further investigation which may cause Plaintiff to modify the definition of the class, Plaintiff defines the "Class" as set forth in the annexed Schedule "B".

**33.** Subject to discovery and further investigation which may cause Plaintiff to modify the following definition of the "Class Claims" at the time Plaintiff moves for class certification, Plaintiff defines the Class Claims as:

> Claims against either PRIDE or FEIN SUCH which arose under the Fair Debt Collection Practices Act on or after the earliest date which is within one year prior to the commencement of this action and are based on the use of any language or symbol on an envelope, when communicating with a member of the Class by mail, other than (a) FEIN SUCH's name and address, (b) the addressee's name and address, and (c) postage.

**34.** Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified

definitions of the Class, Class Claims, and the Class Period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

**35.** The identity of each member of the Class is readily ascertainable from Defendants' records.

**36.** This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

- **36.01.** *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are more than 40 members of the Class.

- **36.02.** *Commonality.* Common questions of law and fact exist as to all members of the Class, the principal issues are whether, when communicating with consumer's by mail in its attempt to collect debts on behalf of PRIDE, FEIN SUCH included its file number on the envelope and, if so, the use of that file number on the envelope violated 15 U.S.C. § 1692f(8)

- **36.03.** *Typicality.* ZAVIAN's claims are typical of the claims of the class members. ZAVIAN and all members of the Class have claims arising out of Defendants' common and uniform course of conduct.

- **36.04.** *Adequacy.* ZAVIAN will fairly and adequately protect the interests of the class members insofar as ZAVIAN has no interests that are adverse to the absent class members. ZAVIAN is committed to vigorously litigating this matter. ZAVIAN has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. ZAVIAN and ZAVIAN's counsel have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

**37.** This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of a class under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact

common to members of the Class appear to predominate over any questions affecting an individual member, and a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

### VIII. CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

**38.** ZAVIAN realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**39.** ZAVIAN is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

**40.** PRIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**41.** FEIN SUCH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**42.** The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

**43.** FEIN SUCH's conduct in attempting to collect the Debt was at the behest of and as agent for PRIDE.

**44.** At all times relevant, FEIN SUCH acted on behalf of and for the benefit of PRIDE when attempting to collect the Debt.

**45.** On or about February 24, 2015, FEIN SUCH communicated with ZAVIAN by mail in an attempt to collect the Debt (specifically, FEIN SUCH sent discovery requests).

**46.** Those discovery requests were sent in an envelope, the face of which is reproduced as Exhibit "1" in redacted form.

**47.** Defendants used FEIN SUCH's file number on the envelope in violation of 15 U.S.C. § 1692f(8).

48. Based on their violation of 15 U.S.C. § 1692f(8), Defendants are liable jointly and severally to Plaintiff and the Class for statutory damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### IX. PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff, Karen L. Zavian, respectfully requests that the Court enter judgment against Defendant, Pride Financial, LLC and Fein, Such, Kahn & Shepard, P.C., jointly and severally, as follows:

- 49.01. An order certifying that the Cause of Action may be maintained as a class pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing the undersigned attorney as class counsel;

- 49.02. An award of statutory damages for ZAVIAN pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

- 49.03. An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

- 49.04. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

- 49.05. For such other and further relief as may be just and proper.

### X. JURY DEMAND

50. Plaintiff, Karen L. Zavian, demands a trial by jury on all issues so triable.

### XI. CERTIFICATION PURSUANT TO LOCAL CIVIL RULE

51. Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

Philip D. Stern Attorney at Law LLC
Representing Plaintiff, Karen L. Zavian

*s/Philip D. Stern*
Philip D. Stern

Dated: March 16, 2015

# SCHEDULE "A"
## LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

**First.** The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, **and** to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

**Second.** The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt,* deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

**Third.** "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are

unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011).

**Fourth.** The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

**Fifth.** The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005). Indeed, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989).

**Sixth.** Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**Seventh.** "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

***Eighth.*** Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

***Ninth.*** A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

## SCHEDULE "B"
**CLASS DEFINITION**

Excluding persons who, prior to the date this action is certified to proceed as a class action, either

    (a) obtained a discharge in bankruptcy,

    (b) commenced an action in any court against Pride Financial LLC ("Pride") or against Fein, Such, Kahn & Shepard, P.C. ("Fein Such") alleging a violation of the Fair Debt Collection Practices Act,

    (c) signed a general release of claims against Pride or Fein Such, or

    (d) is a Judge assigned to this case or member of such Judge's staff or immediate family,

the Class consists of each natural person to whom Fein Such mailed anything in its attempt to collect a debt on behalf of Pride in an envelope on which Fein Such's file number appeared and Fein Such is unable to demonstrate that the envelope was returned to it as undeliverable.

# EXHIBIT 1

