## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ———————————————— | : | |
| KAREN L. ZAVIAN, | : | Civil Action No. 15-1920 (ES) (MAH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRIDE FINANCIAL, LLC AND FEIN, | : | ORDER |
| SUCK, KAHN & SHEPARD, P.C., | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |

This matter having come before the Court by way of motion of the plaintiff, filed

February 10, 2016, for leave to file an Amended Complaint [D.E. 12];

and it appearing that Plaintiff does not seek to add a "different" or new cause of action,

but seeks to amend the Complaint for the purpose of modifying the scope of the class definition

based upon Defendants' same collection letter already attached to, and serving as the basis of,

Plaintiff's initial Complaint, Pl.'s Br. in Supp. of Mot. to Amend, Feb. 10, 2016, D.E. 12-1, at 4;[1]

---

[1] On March 16, 2015, Plaintiff filed this putative class action suit against Defendants, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), by mailing collection letters to her and other similarly situated consumers that revealed sensitive financial account numbers associated with the alleged debts on the face of the mailing envelope.   Complaint, March 16, 2015, D.E. 1, ¶¶ 1, 29-30.   The initial Complaint defined the "Class" as:

> Excluding persons who, prior to the date this action is certified to proceed as a class
> action, either
> (a)  obtained a discharge in bankruptcy,
> (b)  commenced an action in any court against PRIDE or FEIN SUCH alleging a
>      violation of the Fair Debt Collection Practices Act,
> (c)  signed a general release of claims against PRIDE or FEIN SUCH, or
> (d)  is a Judge assigned to this case or member of such Judge's staff or immediate family,
> the Class consists of each natural person to whom FEIN SUCH mailed anything in its

and Defendants opposing Plaintiff's motion to amend, arguing that Plaintiff could have drawn a broader class definition in the original complaint but did not, and that only now when it appears that the number of potential class members may not be large enough to maintain a class action, Plaintiff seeks to amend the Complaint to add an expanded class definition, Def.'s Opp'n Br., March 7, 2016, D.E. 16, at 2;

and Defendants further arguing that, in the event that the Court grants the amendment, Defendants object to the claims of the new Plaintiffs relating back to the date of the original Complaint and argue that they would run from the date the Amended Complaint is filed, id.;[2]

and the Court having considered the parties' submissions;

---

attempt to collect a debt **on behalf of Pride** in an envelope on which FEIN SUCH's file number appeared and Fein Such is unable to demonstrate that the envelope was returned to it as undeliverable.   (Emphasis added.)

Complaint, Schedule B, D.E. 1.

The proposed Amended Complaint amends the class definition, by removing the phrase "on behalf of Pride" and thereby expanding the class to "each natural person to whom Fein Such mailed anything in an attempt to collect a debt in an envelope on which Fein Such's file number appeared and Fein Such is unable to demonstrate that the envelope was returned to it as underliverable[,]" and further adds a "Schedule C" which defines a 'Sub-Class' as:

The Sub-Class consists of each natural person to whom FEIN SUCH mailed anything in its attempt to collect a debt on behalf of PRIDE, in an envelope on which FEIN SUCH's file number appeared and FEIN SUCH is unable to demonstrate that the envelope was returned to it as undeliverable.

Schedule "C", annexed to Proposed Amended Complaint, Exh. A to the Declaration of Andrew T. Thomasson in Supp. of Mot. to Amend ("Thomasson Decl."), Feb. 10, 2016, D.E. 12-2.

[2] Defendants argue that a similar situation was addressed in Feuerstack v. Weiner, 2013 WL 3949234 (D.N.J. July 30, 2013), where the Magistrate Judge held that three elements were required for an amendment to relate back in the class action context: notice, lack of prejudice, and an identity of interests between the original plaintiff and the newly proposed plaintiffs, and found that expanding the putative class from New Jersey consumers to consumers nationwide did not relate back to the initial complaint because plaintiff failed to satisfy the notice and prejudice requirements.   Feuerstack, 2013 WL 3949234, at *3-4.

and Federal Rule of Civil Procedure 15(a) providing:

> [a] party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served . . . .
> Otherwise a party may amend the party's pleading only by leave of
> court or by written consent of the adverse party; and leave shall be
> freely given when justice so requires,

Fed. R. Civ. P. 15(a);

and the federal rules allowing for liberal amendments in light of the "principle that the

purpose of pleading is to facilitate a proper decision on the merits," and providing that if the

underlying facts relied upon by a party might be a proper subject of relief, that party should have

the opportunity to test its claims on the merits, Foman v. Davis, 371 U.S. 178, 182 (1962)

(citations and internal quotations omitted);

and, under Rule 15, the decision to amend resting within the sound discretion of the

Court; see id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d

419, 425 (3d Cir. 1981);

and the United States Supreme Court having stated that leave to amend under Rule 15

may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice;

or (4) futility of amendment, see Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434

F.3d 196, 204-05 (3d Cir. 2006)(stating that "leave to amend must generally be granted unless

equitable considerations render it otherwise unjust" and noting that although there is no

"presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay

becomes 'undue,'" a delay of eleven months is not presumptively unreasonable); Alvin v.

Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted); see also Long v. Wilson, 393 F.3d

390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be

allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly

undue or unexplained delay, repeated failure to cure deficiency by amendments previously

allowed or futility of amendment");

   and, with regard to undue delay and bad faith, the Court of Appeals for the Third Circuit

having stated

> the passage of time, without more, does not require that a motion
> to amend a complaint be denied; however, at some point, the delay
> will become "undue," placing an unwarranted burden on the court,
> or will become "prejudicial," placing an unfair burden on the
> opposing party.   The question of undue delay, as well as the
> question of bad faith, requires that we focus on the plaintiffs'
> motives for not amending their complaint to assert this claim
> earlier; the issue of prejudice requires that we focus on the effect
> on the defendants,

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted); see also

Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay

requires that we focus on the movant's reasons for not amending sooner") (citations omitted);

Lindquist v. Buckingham Township, Nos. CIV.A.03-2431, 03-2971, 2004 WL 1598735, at *6

(3d Cir. July 19, 2004) (unpublished) (affirming denial of leave to amend complaint to include

equal protection claim in light of finding that the documents that the amending party alleged

were withheld, and which gave rise to amended claim, were public and delay was, therefore,

inexcusable);

   and the defendants not having argued that the proposed amendment was filed in bad faith

or with a dilatory motive;

and the Court finding that, in light of Rule 15(a)(2)'s mandate that the court "should freely give leave when justice so requires[,]" Plaintiff shall be permitted to file a proposed amended complaint,[3]

and, in allowing Plaintiff's amendment to be filed, the Court must next decide whether the amendment relates back to the date of the filing of the original Complaint;

and Rule 15(c)(1)(B) permitting relation back of amendments to the original pleading where "the amendment asserts a claim or defense that arose of the same conduct, transaction or occurrence set out … in the original pleading.";

and in cases where the "amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation

---

[3] No factors militate against granting the relief Plaintiff seeks.   First, the Court notes that a Pretrial Scheduling Order for this case was entered only on March 2, 2016 [D.E. 15], which sets a deadline of June 1, 2016 for any motions to add new parties or amend pleadings.   Although Defendants argue that the Plaintiff could have drawn a broader class definition in the original Complaint but failed to do so, Plaintiff is now seeking to cure the potential deficiency by amendment, which was filed shortly after Defendants disclosed to Plaintiff that there were only seven members of the putative class.   Leave to amend is generally granted where, during the course of discovery, a party discovers "new evidence." See, e.g., Slade v. Fauver, No. CIV.A.90-1417, 1990 WL 153960, at *4 (D.N.J. Sept. 24, 1990) (granting leave to amend where new claims were discovered and "proposed amendments had no dilatory purpose and no significant discovery or pretrial preparation had taken place . . . ."); Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1460 (D.N.J. 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs have a dilatory motive.").   Plaintiff asserts that while Defendants' Answer denied there were forty class members, it was not until January 28, 2016 that Defendants reported there were only seven members of the putative class. Pl.'s Reply Br., March 14, 2016, D.E. 17, at 5.   Plaintiff thereafter filed the instant motion to amend after Defendants' disclosure and representation that there were only seven members of the putative class.   Id.

Further, although Defendants argue that the amended definition of the proposed class is inappropriate since it is too broad, the Court rejects this argument because the amendment limits the class to those individuals who received any mailings sent by Fein Such in an attempt to collect a debt, and contrary to Defendants' argument, the expansion does not necessarily assume that every piece of mail sent out from Fein Such is related to a consumer debt.   Accordingly, the Court will grant the plaintiff's motion for leave to file an Amended Complaint.

back rule is more stringent[,]" <u>Feuerstack v. Weiner</u>, 2013 WL 3949234, *2 (D.N.J. July 30, 2013);

and in such an instance, an amendment relates back if Rule 15(c)(1)(B) is satisfied and if, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by an amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity[,]" Fed. R. Civ. P. 15(c)(1)(C);[4]

and although Rule 15(c)(1)(C) does not expressly refer to the addition of a new plaintiff, the Third Circuit has applied its requirements to the addition of new plaintiffs, <u>see</u> <u>Feuerstack</u>, 2013 WL 3949234, at *2 (citing <u>In re Cmty. Rank of N. Virginia</u>, 622 F.3d 275, 297 (3d Cir. 2010)); <u>see</u> <u>also</u> <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1014 (3d Cir. 1995) (holding that the relation back rule requires plaintiffs to show that the already commenced action sufficiently embraces the amended claims so that defendants are not unfairly prejudiced by these late-coming plaintiffs and that plaintiffs have not slept on their rights, and for a claim to relate back, all three conditions specified in the Rule must be satisfied);

and the Court finding that Rule 15(c)(1)(B) is satisfied here, because the amendment asserts the same claim set out in the original pleading, and seeks to expand the proposed class to include those consumers who received a collection letter from Fein Such in an attempt to collect a debt to be owed, not just to Pride, and with account numbers visible from outside the envelope;

and the Court further finding that Rule 15(c)(1)(C) is not satisfied, because Plaintiff fails

to satisfy the notice, prejudice and mistake concerning the proper party's identity requirements,

and therefore the relation back doctrine does not apply to Plaintiff's amendments;[5]

and for good cause shown,

**IT IS on this 30th day of June, 2016,**

---

[5] At the outset, the Court notes that Plaintiff presents a conspicuously misleading argument that, if the amendment is permitted, it would "define a sub-class for those letters sent in an attempt to collect a debt alleged to be owed to Pride."   Pl.'s Reply, D.E. 17, at 5.   Plaintiff disingenuously fails to acknowledge that the amendment also expands the class definition by amending the language in Schedule "B", by defining the class as those "to whom FEIN SUCH mailed anything in its attempt to collect a debt in an envelope on which FEIN SUCH's file number appeared ...".   Proposed Amended Complaint, Exh. A to Thomasson Decl., D.E. 12-2.   If Plaintiff's amendment is permitted, it would re-define the class definition to include those individuals to whom Fein Such mailed anything in its attempt to collect a debt, on behalf of **any** client, and would add the original class definition as the sub-class.

Similar to in <u>Feuerstack</u>, the Court finds that Plaintiff's amendments expanding the putative class do not relate back to the initial complaint because Plaintiff fails to satisfy the Rule 15 requirements.   It is indisputable that Fein Such was not on notice that he could be called upon to defend against claims for mailings sent on behalf of **any** of its clients until February 10, 2016, when Plaintiff first filed a motion to amend the Complaint, which is well beyond the 120 day period provided by Rule 4(m).   <u>See</u> <u>Feuerstack</u>, 2013 WL 3949234, at *4.   Without adequate notice that Defendants would have to defend against claims for mailings sent on behalf of any of its clients, as opposed to solely on behalf of Pride, allowing this amendment to relate back to the original Complaint would unduly prejudice Defendant.   The Court rejects Plaintiff's argument that Defendants were placed on sufficient notice because the original Complaint contained language that the class definition was "[s]ubject to discovery and further investigation which may cause Plaintiff to modify the definition of the class."   Complaint, D.E. 1, ¶ 32. <u>See</u> <u>Charlot v. Ecolab, Inc.</u>, 97 F. Supp. 3d 40, 52 (E.D.N.Y. 2015) (finding that a similar statement in the original complaint did not sufficiently put defendant on notice of potential state claims by individuals who had not yet been identified at the time the complaint was filed).

Further, Plaintiff fails to satisfy the second prong which requires a showing that the failure to plead earlier was due to a mistake concerning the identity of the proper plaintiff.   Although Plaintiff argues that it filed the Complaint presuming that there would be more than 40 members of the proposed class as it was originally defined, and that Plaintiff realized the class size was much smaller than 40 only after Defendants disclosed to Plaintiff there were only seven members of the putative class, the Court cannot find that this is the kind of "mistake concerning the proper party's identity" sufficient to satisfy Rule 15(c)(1)(C).   For these reasons, the relation back doctrine does not apply to the amendments.

**ORDERED** that the Plaintiff's motion for leave to file an Amended Complaint is granted, with the modification that the proposed amendments shall not relate back to the date of the filing of the original Complaint but shall apply as of the date Defendants received notice of the proposed Amended Complaint.

**s/Michael A. Hammer**
**United States Magistrate Judge**

8